OPINION of the Court, by
Judge Bibb.
— The executrix of John Clarkson, deceased, exhibited her bill against William Scott, and Jonathan Scott, charging that her husband and testator had purchased of William Scott a negro woman, at the price of £. 89, whereof he paid down £. 66 and executed his note for the balance ; that said William, on the sale aforesaid, represented the said slave as twenty-five years of age, and as sound and healthy, and executed a bill of sale warranting her as aforesaid, to which said Jonathan was security ; that the slave was, at the sale, representation and warranty aforesaid, unsound and nearly forty years of age or upwards ; that the defendants knowingly misrepresented the negro as aforesaid, but had refused to take her back, and refund the sum paid, &c. and had assigned away the note for twenty-three pounds, which by assignment, had come to the hands of Barnes, another defendant, who had sued, &c. She prays the contract may be cancelled, that said William Scott may be com-pelíed to take back the negro, for a perpetual injunction against the judgment at law, and to have the money paid by her testator refunded.
The answers of William and Jonathan Scott, admit the execution of the bill of sale, and the warranty of soundness ; deny that they had any knowledge of the *278 unsoundness, or that they practised any fraud ; they 3re-sist that Jonathan was only a security, without any interest ; but are totally silent upon the subject of the age of the slave.
Purchaser advancing money fora sIave3who proves unfouBd and different from the representations cf the seller, wherefoie the contract ¡3 rescinded, has a lien upon the slave for repayment of the money adían-ced*
The use of the slave, properly set off" against the inte* yest of that part. of the purchafe money advanced 5 jst, because the complainant ought not, in invito, and by fraud of the seller, be made a hirer instead of a purchafer j adly, because ihe sum advanced was more than the worth of the slave upon fair valuation.
Barnes answers that he is an innocent assignee of the note without notice of any fraud, prays that his assignor may be made a defendant, and for a decree over, &c, that assignor answers that he is an innocent assignee from the defendant William Scott ; consents to a decree against himself in favor of Barnes, in case the court should decree in favor of the executrix; but in that cas», prays that the court will decree in his favor, against his assignor Scott.
Upon hearing the cause, the circuit court of Bourbon decreed that the contract should be dissolved, that William Scott should refund, without interest, that part of.the purchase which he had received ; that the balance should be perpetually enjoined ; that the complainant should retain a lien on the slave until the sum paid for her was refunded ; and upon that event, that the complainant should deliver the slave to said William Scott. The bill was dismissed, as to Scott the security ; and decrees over against the assignors respectively, in favor of the respective assignees, were pronounced.
To this decree Scott prosecutes this writ of error with supersedeas, assigning errors in the decree, in favor of the executrix only.
The several errors assigned previous to the filing of the answer of the plaintiff Scott, will not be regarded. They are such as might have been rectified by the circuit court, (if they existed) upon an application to that court. As the application was not made, those irregularities are to be taken as waived.
The 5th assignment, but the first which requires an-adjudication, objects that “ there is no replication to the answers, or general commission for taking depositions in the cause.”
The want of a general award of commissions for taking depositions, is at most but an irregularity, which the court below might have corrected, at the instance of either party ; but as neither party objected to the hearing of the cause on that account, it is now too late. Upon leave giver, by the court to set aside the confession taken in the office, and to file the answer of the plaintiff *279 ⅛ error, no objection was taken to the previous pro"ceedings in the office, but the answer was filed, and the cause continued until the next term ; the said respondent obtaining leave to take the deposition of Samuel Houston.
The want of a replication cannot per se, be cause for reversing a decree. But an important question grows out of the want of it ; that is, what effect shall the answer have on the hearing ? The rule is clear, that where a complainant elects to set the cause down on bill and answer only, on the hearing the answer shall be taken as true in all its parts. But suppose the cause is set for hearing on the bill, answer and depositions of both parties, are the depositions to weigh nothing? In such case it seems that the reason for admitting the answer to have full credence, has failed ; the reason for taking an answer as true in all its parts, where the complainant has expressly set the cause for hearing on bill and answer only, seems to be, that the complainant by thus hastening the cause to trial, has taken from the defendant the opportunity of supporting his answer: and when the complainant exercises his right of thus setting the cause for hearing without opening the door for proof, he must admit all the defendant could by the pleadings be permitted to prove. But according to English precedent, where depositions have been taken, publication passed, and the cause brought to hearing without replication, the court will permit a replication to be put in, nunc pro tunc, or even after a decree. — (Hinds’s Prac. title replication, p. 289.) This shews that where acause has been brought to hearing upon bill, answer and depositions, the replication is considered as but a matter of form. If such is the English practice, much more ought it to be so in our proceedings in chancery. Commissions for taking depositions do not await a replication, but the complainant may proceed in one month after bill filed, and the defendant immediately after answer filed, to take depositions. — 2d Brad. E. L. K. 108, sec. 6. When complainant and defendant have both proceeded to take depositions, and the cause has been heard upon the bill, answer and depositions without objection, there can be no danger of surprising the defendant by giving the depositions their full weight. Such is the present case ; and in addition to this it is to be ob *280 served, that after having obtained leave to set aside thé rule taking the bill pro confesso and filed his answer* the cause was continued on his motion and affidavit* for leave to take the deposition of a witness residing beyond the limits of this state. If he had supposed that his answer Was to be taken as true in all its parts, and that no depositions were to be used against it, it would have been ridiculous to apply for a continuance for the materiality of a witness on his part. As he had neglected to file his answer in proper time, the court had a right in their discretion to lay him under terms before the confession of the bill was set aside. This was done by retaining the cause on the issue dockett for trial, and continuing it on his application until the next term, when it was heard on the bill, answers, depositions and exhibits, without objection. It would be a surprize and iniquity on the appellee, now to say the answer is to be taken a“s true, or that the cause should be sent back for replication. We will consider the replication, under these circumstances, as a formal part of the pleadings, and revise the decree of the circuit court, as if it had been filed.
The decree is objected to, in chief and in detail, viz» because it should have been for the defendants ; because the facts were not submitted to a jury; because an account was not taken of the hire of the slave ; because the redelivery of her did not precede the payment of the amount decreed to be refunded.
But we consider the decree as correct on all these points. The bill of sale containing the warranty and statement of the age is confessed ; the fraud as to the knowledge of the unsoundness is denied, but the allegation respecting the slave’s age, is unanswered ; and the depositions are clear and explicit, leaving no doubtful equity to be enquired of by a jury. The money was advanced as the purchase of the slave, and therefore the lien on her, for securing the repayment, was correctly decreed. The use of the slave has been set off against the interest of the money very properly ; 1st, because the complainant ought not, in invito, and by fraud to have been made a hirer, instead of a purchaser ; 2dly, because the testater had advanced a larger sum than the slave was worth upon a fair valuation.
Decree affirmed.