### DEMAREE and Another *v.* DRISKILL.

*A.* being indebted to *B.* purchased a tract of land, &c., and, with the fraudulent intent of securing it against *B.'s* claim, took the conveyance in the name of *C.*, the infant son of *A.* *Held*, that *B.*, having obtained a judgment against *A.* for the debt, might, by a suit in chancery, subject the land to the payment of the judgment.

The parties in a suit in chancery submitted the cause on bill, answer, exhibits, and depositions, for a final decree. *Held*, that the filing of a replication was, under these circumstances, waived by the defendant.

ERROR to the *Decatur* Circuit Court.

BLACKFORD, J.—A bill in chancery was filed, in the *Decatur* Circuit Court, by *Davis Driskill* against *Peter Demaree* and *Samuel Demaree.*

The bill states, that *Peter Demaree*, for value received, executed a bond to *Driskill* for 174 dollars, dated the 3d of *July*, 1819, and payable the 1st of *March* following; that the obligee obtained a judgment on this bond against the obligor, at the *April* term, 1828, of the *Decatur* Circuit Court, for 258 dollars and 39 cents, beside costs; and that, on this judgment, a few days after its rendition, a *fieri facias* issued, and was duly returned "*no property found.*" The bill further states, that the said *Peter Demaree*, whilst he was so indebted to *Driskill*, to wit, on the 15th of *April*, 1823, purchased a half-quarter section of land situate in *Decatur* county, and paid for the same with his own funds; and that immediately after the purchase, he took possession of the land, has ever since enjoyed the profits, and has made permanent and valuable improvements. The bill

Nov. Term,
1832.

DEMAREE
v.
DRISKILL.

further states, that the said *Peter Demaree,* for the purpose of defrauding the complainant out of his demand, took the deed for the land in the name of his son *Samuel,* then an infant of four or five years of age; that the said *Peter Demaree* is insolvent, and has no property except the land so fraudulently purchased in the name of his infant son; and that the land is, in equity, subject to the complainant's judgment.

The answer of the defendants admits the debt and the purchase of the land. It denies, however, that the purchase was made with the money of the said *Peter Demaree,* one of the defendants; and avers that the money belonged to *Peter Demaree,* jun. It states the land to have been purchased for the sole use of *Samuel Demaree,* in whose name the title was taken, and denies all fraud.

There were a great many depositions taken in the cause, relative to the merits,—some on the part of the complainant, and others on the part of the defendants. At the *October* term, 1830, the parties appeared by their counsel, and submitted the cause to the Court for a final decree on bill, answer, exhibits, and depositions. The Circuit Court decreed against the defendants, and declared the land to be liable to the judgment.

The depositions of *David Demaree, Benjamin Potter, William Dotson,* and *Daniel L. Livings,* together with the admissions in the answer, prove to our entire satisfaction all the material allegations in the bill. The land was purchased by *Peter Demaree,* sen., with his own money; and the title was taken by him in the name of his infant son, with the fraudulent intention to secure the property from the debt due to *Driskill.* The beneficial interest in the premises is in *Peter Demaree,* sen., and must be, in equity, subject to the judgment of the complainant.

The defendants contend, that as there is no replication filed, the depositions should be suppressed, and the cause decided upon the bill and answer. We cannot accede to this doctrine. The defendants as well as the complainant, have taken depositions relative to the merits of the controversy. The defendants and complainant appeared in Court, after the publication of the depositions, and submitted the cause for a final decree, on bill, answer, exhibits, and depositions. The Circuit Court has, on the case thus submitted, rendered its decree. We must consider, under these circumstances, that the formality of a

replication was waived by the defendants. The decree of the Circuit Court must be affirmed.

 *Per Curiam.*—The decree is affirmed, with costs.

 *A. Lane* and *G. H. Dunn,* for the plaintiffs.

 *W. W. Wick,* for the defendant.