## JOB H. GASKILL *vs.* ALLEN W. SINE and others.

If no replication has been filed the facts stated in the answer must be taken as true on the hearing.

A decree rendered against the complainant was opened upon, it appearing that the cause had been submitted to the court by the counsel of the complainant under the misapprehension that an answer to the replication had been filed.

Had the counsel upon both sides acted under the same misapprehension, and the evidence in the cause been taken, the filing of the replication would have been regarded as a mere form, and would have been permitted at the hearing as a matter of course.

*Wilson,* for complainant.

*Attorney General,* contra.

THE CHANCELLOR.   To a bill of foreclosure, the defendant, by his answer, set up two distinct defences, one of which was that the complainant, who was the assignee of the mortgage, acted as the mere agent or trustee of the mortgagee in procuring the assignment, and that the consideration paid for the assignment was the money of the mortgagee.   No replication having been filed to the answer, the Chancellor held, in accordance with the well settled rule of practice, that the facts thus set up as a defence must be taken as true, and on this ground dismissed the complainant's bill.

The opinion was delivered on the 2d of February, 1859, and on the next day the final decree was signed and filed. On the fourth of the same month, upon the petition of the complainant's counsel, an order was made upon the defendants to show cause, on the first day of the next term, why the decree should not be opened, and the com-

plainant have leave to file his replication and produce his proofs. On the fifth of February the court was closed by reason of a vacancy in the office of Chancellor. The cause is now brought to hearing upon the petition and proofs.

There has been no *laches* on the part of the complainant in seeking to open the decree. The application was made immediately after the filing of the decree. The case must now be heard and decided as of the term when the rule to show cause was taken. The complainant is not responsible for the subsequent delay.

The affidavit of the complainant himself, of his solicitor and counsel, have all been taken. From the evidence it is manifest that the case was conducted and argued on the part of the complainant under the impression that a replication had been filed. The complainant swears that the fact set up by the answer as a defence, and from the state of the pleadings assumed by the Chancellor as true without evidence, was not true in point of fact; that he was prepared with evidence to disprove the allegation, had any proof been offered in its support, and that he abstained from offering the evidence solely because he was advised by his counsel that such evidence was unnecessary on his part as long as the allegation of the defendant was unsupported by proof.

The solicitor and counsel of the complainant testify that the cause was conducted and argued with the understanding and belief, upon their part, that a replication had been filed, and on that ground they deemed any evidence on the part of the complainant unnecessary. A natural reason for the mistake is found in the fact that the solicitor who prepared the cause for argument was substituted, long after the answer was filed, in the stead of the original solicitor in the cause, who was removed by death, and that the cause was several years pending before the evidence was taken.

The case presented is that the complainant has lost his

Gaskill *v.* Sine.

cause not because the right of the case is against him, but from a misapprehension, on the part of his counsel, as to the true state of the pleadings.

Had the counsel upon both sides acted under the same misapprehension, and the evidence in the cause been taken, the filing of the replication would have been regarded as a matter of form, and would have been permitted at the hearing *nunc pro tunc* as a matter of course. *Milf. Plead.* (ed. 1816) 261; *Mosely* 296, *Rodney* v. *Hare; Cooper's Eq. Pl.* 331; *Smith* v. *West,* 3 *Johns. Ch. R.* 363; 1 *Smith's Ch. Pr.* 336; *Pierce* v. *West's ex'rs,* 1 *Peters' C. C. R.* 351; *Scott* v. *Jackson's ex'rs,* 1 *Bibb* 277; *Demarre* v. *Driskill,* 3 *Black.* 115; 2 *Daniel's Ch. Pr.* 966, *note* 1, 971; *Wyatt's Pr. Reg.* 376; 1 *Newland's Chan. Pr.* 253; 1 *Eq. Cas. Ab.* 43; *Donegall* v. *Warr, Abridg. of Cas. in Eq., C.* 7 *F.,* § 4.

The only doubt as to the propriety of opening the decree arises from the fact, that the attention of the counsel of the complainant was called to the want of the replication on the argument. The counsel of the defendant then claimed a decree upon that ground, and in strictness the complainant should then and there have applied for leave to file his replication.

Had the defendants' counsel, with a full knowledge that no replication had been filed, proceeded with the argument, and thus speculated upon the opinion of the court, I should have no hesitation in denying the motion. But neither the complainant nor the solicitor were present at the hearing, and the counsel acted upon the conviction that the replication had in fact been filed. Under such circumstances, it would be too strict to deprive the complainant of an opportunity of proving his case through the mere misapprehension of counsel. I am confirmed in this view of the case from the fact, that the Chancellor, immediately after pronouncing his opinion and signing the decree, granted the rule to show cause. Had the conduct of the cause by counsel upon the hearing been

such as to charge the party with gross *laches* in not then applying for leave to file the replication, the rule to show cause would not have been granted.

The motion to set aside the decree having been made at the same term in which the decree was signed, and before enrolment, there can be no objection on that ground.

The rule to show cause is made absolute. The decree must be opened, and the defendant permitted to file his replication upon the payment of all costs incident to the final hearing and decree. Each party to pay his own costs upon the rule to show cause.