CATHERINE S. HART, AS EXECUTRIX AND IN HER OWN RIGHT, APPELLANT, VS. SANDERSON'S ADMINISTRATORS, APPELLEES.

1. Where there is a plea and an answer in support thereof, the answer cannot be regarded as a defence independent of the plea. When such a plea is set down for argument, the matter of the answer should be considered in connection with the plea, and an order overruling the plea disposes of the plea and answer.

2. Where in such case the court, in disposing of the plea, confines itself to the consideration of the formal plea, independent of the answer in support thereof, it is error.

3. After the plea is overruled in such case, it is error to set the cause down for hearing upon the bill and the answer in support of the plea.

Appeal from the Circuit Court for Duval county.
The facts of the case are stated in the opinion of the court.

*Ives & Dawkins* for Appellant.

*Fleming & Daniel* for Appellees.

MR. JUSTICE WESTCOTT delivered the opinion of the court.

This is a bill to foreclose a mortgage executed by husband and wife upon real estate, embracing their place of residence at the time of its execution. The bill is brought by the administrators of J. P. Sanderson, deceased, the mortgagees,

against the wife of the mortgagor, in her own right and as executrix of the will of her deceased husband.   In the Circuit Court there was a decree for the sale of the mortgaged premises.   From this decree this appeal is prosecuted.   The first ground upon which a reversal of the decree is sought, as stated in the petition of appeal, is for the reason "that on the 11th day of September, A. D. 1875, leave was grant-. ed by the court to complainants to withdraw their general replication filed by them, and to except to the answer, and to set down defendant's plea for argument as to its sufficiency."   This ground is not insisted upon in argument, and from the general treatment of the case by the appellant, we must regard it as abandoned.   Besides, we can discover no reason why such leave should not have been granted.   It certainly did not prejudice the defendant in the Circuit Court.

The mortgage was executed in due form by the husband and wife, and contained the following recitals and covenants, all of which the bill sets up, viz : "It is understood that the money to secure the payment of which this mortgage is given was borrowed by the grantors from the grantees to pay for improvements made on a part of the mortgaged premises, and the grantors hereby waive all benefit of exemption and homestead, and stipulate that the same shall never be claimed to the prejudice of the grantees, their successors or assigns."   In the separate examination and acknowledgment of the wife, she acknowledges that she made herself a party to and executed the deed of mortgage for the purpose of conveying and mortgaging all of her estate *in esse* and *in futuro* in the lands therein described, and that she executed the same freely and voluntarily, and without any compulsion, constraint, apprehension or fear from her husband.

The defendant filed a plea and an answer in support thereof.   The plea sets up that a portion of the premises had been occupied by the said Ossian B. Hart, in his life-time, as a

homestead; that an absolute and unconditional fee was vested in him, and since his death had descended to the defendant as his widow and sole heir; that said homestead is and was exempted from forced sale under any process of law, and was never alienated or conveyed away according to the terms of the constitution. The answer in support of the plea sets up that at the requirement of her late husband and testator, the said Ossian B. Hart, she did join in the execution of said indenture of mortgage, and signed her acknowledgement thereof, before Charles H. Summers, a notary public; but she denies that she did so voluntary and without any compulson, apprehension, or fear of or from her said husband, the statement in said acknowledgement to the contrary notwithstanding; that it is true that no actual force or violence was employed, but well grounded apprehension and fear that unless she signed the same the peace and happiness of her marriage relation with her husband would be materially disturbed if not totally destroyed, compelled her reluctantly to do so, which was well known to her said husband.

She alleges also that the statement in the said indenture of mortgage to the effect that "it is understood that the money to secure the payment of which this mortgage is given was borrowed by the grantors from the grantees to pay for improvements on a part of the mortgaged premises," was inserted or caused and procured to be inserted in said indenture of mortgage by the mortgagees, with the intention of investing said mortgage with the superior force of a lien under the exceptions mentioned in the constitution of this State in regard to homestead exemptions, and of defeating the assertion of the homestead right, when in truth and in fact none of said money was intended for or used in paying for improvements made on any part of the said homestead premises.

The complainant set down the plea for argument, and

upon hearing it was overruled. There had been a replication filed. The replication was withdrawn and the cause set down for hearing upon bill and answer. Upon the hearing the court decreed a sale of the mortgaged premises. This appeal is from that decree.

When there is a plea and an answer in support thereof, and a hearing is had without replication, the rule is that every fact stated in the bill and not denied by the averments in the plea, or by the answer in support of the plea, must be taken as true. (2 Sch. & Lef., 726; 4 Paige, 195; 2 Atk., 241; Gilb. Cas. in Equity, 185; 1 Sim. & Stewart, 568; Mit. Chy. Pldg., 299; 14 Pet., 257.) The matter of the plea is that the mortgagors had a homestead in the mortgaged premises, and the answer in support of the plea denies the allegations in the bill to the effect that the moneys secured by the mortgage were for the payment of obligations contracted for the erection of improvements thereon, and a denial of its voluntary execution. The practice adopted here was incorrect. The hearing first upon the plea, distinct from the answer in support thereof, and afterwards upon the bill and answer apart from the plea, was erroneous. The answer here was strictly and wholly in support of the plea. It denied such allegations in the bill as were supposed to avoid the anticipated plea, such as consent to sale and the use of the moneys in improving the homestead property. It is true that the defendant files the answer as an answer "to the residue of the bill of complaint not covered by her plea." Upon examination, however, it is plain that it is simply in support of the plea. (1 Story, 212; Story's Eq. Pldg., 764.) The plea is to the whole of the bill. There is no "residue of the bill not covered by it."

The rule by which to determine the sufficiency of an answer in such a case as this is to consider every allegation in the bill as true, which is not sufficiently denied by the an-

swer. (2 Sch. & Lef., 726 ; 4 Paige, 178 ; 2 Sand. Sup. Ct., 540.) An answer in support of a plea cannot be regarded (as was here done) as a defence independent of the plea. (6 Ves., 597.) It is to be treated as a part of the plea. Such is the form of judgment in such a case. (14 Pet., 281.) The answer here considered separate and apart from the plea, does not propose to set up the full defence of homestead, and in disposing of the case by a hearing upon the bill and answer alone, the matter of the plea not being considered, the defendant was at a disadvantage not sanctioned by any rule of practice. The same was the case when the plea was considered without reference to the answer. We cannot do otherwise than remand the case for proper proceedings. The final decree and the order overruling the plea are reversed, and the case is remanded to stand for hearing upon the plea and answer in support thereof, and for such further proceedings as are conformable to the principles and rules of equity and consistent with this opinion.