CRUMP, ADMINISTRATOR, APPELLANT, VS. PERKINS, ADMINISTRATOR, APPELLEE.

| 18 | 353 |
| f40 | 375 |
| 18 | 359 |
| e43 | 122 |
| 18 | 353 |
| d49 | 368 |
| 18 | 353 |
| f60 | 398 |

1. The objection to a supplemental bill in equity made at the hearing, that it seeks to maintain the suit upon new facts, which have occurred since the filing of the original bill, and which make a new case, cannot be heard. Such an objection is waived by omitting to demur to the bill upon that ground and going into a hearing upon the merits.

2. Upon sustaining a plea it is not a matter of course for the court to direct or award an issue. The plaintiff should ask leave to put the facts of the plea in issue, or should undertake to reply, if he so desires. Where the notice by the plaintiff of the hearing upon the plea was accompanied by a notice of hearing upon the merits to be had next day, and for a final determination, the court very properly presumed that the plaintiff, instead of wishing to reply to the plea, desired the action of the court to be final.

3. A plea and answer in support thereof is one pleading. Such answer
   is no distinct part of the defense. It must be treated as a part of
   the plea. While a replication in such case restricted to the answer
   is improper, yet after it is treated by the court and the parties as
   putting in issue the matters of fact alleged in the plea and answer,
   and after testimony applicable to such issue, and setting the cause
   down for final hearing and decree upon the merits, this court will
   not, upon appeal, reverse such decree, unless there is error upon
   the merits.

Appeal from the Circuit Court for Madison county, to which court the case was transferred from Leon county.

This was a bill filed on the 27th January, 1870, in the Circuit Court for Leon county by appellant against William Perkins, and upon his death revived against his administrator, John H. Perkins. Complainant alleges that at the time of Simpson's death a mercantile copartnership existed between himself and Simpson; that said Perkins upon the death of Simpson retained the assets of the firm as surviving partner. Plaintiff prays an account of the partnership matters and a decree for what may be found due him. Defendant answered, admitting the partnership, avering *inter alia* that the effects of the copartnership consisted of notes and accounts, a number of which were worthless; that the firm was indebted to a considerable extent; that he has proceeded to collect the debts as speedily as he could, and applied the moneys to the payment of the debts, and submits to an accounting. He alleges further that he was unable to read and write, and that Simpson kept the books, and had during his lifetime the entire management of the business. A statement of account prepared by an accountant of their mutual selection is filed as an exhibit. Defendant avers that there are erroneous entries in the books, and claims that those errors were admitted by Crump, the plaintiff.

Upon bill and answer there was a reference to a master

and master's report, but there is no account stated by the master which could be made the basis of a decree. This report contains references to many matters connected with the accounts, but the determination of the questions involved in this appeal does not involve their consideration. To this report there were exceptions by the defendant, and it was not acceptable to either party. Upon an *ex parte* application, and after leave granted, the complainant, on the second of July, A. D. 1875, filed a supplemental bill. After setting forth the proceedings already had in the case the plaintiff alleges that both parties being dissatisfied with the report of the master agreed to disregard it and make an amicable settlement between themselves, and that in the presence of their respective counsel they executed an agreement which provided that the bill should be dismissed and the settlement made should be final of all demands between the parties arising out of the bill; that there was a classification of the assets made, but no actual decision had; that this agreement provided that the notes and accounts should be divided between the parties as early as practicable, but from various causes it did not become practicable to make said division until July 31, 1872, and that consequently the bill was not dismissed; that on the 31st July, 1872, complainant and the said Perkins, with James Conner and Daniel Switzer, principal debtors of said firm, met at the office of complainant's counsel, and at the request of said parties a statement was drawn up by Bolling Baker, showing the solvent assets of said firm, including the amounts due by each party to the firm. A copy of the statement is made an exhibit to the supplemental bill. Complainant alleges further that a division was made of the notes which the parties considered solvent and an equal portion assigned to each, the largest notes being those of Switzer and Conner, who executed new notes for the bal-

ances due by them, which notes were left with complainant's counsel to abide the final settlement between the parties ; that this statement shows that Perkins was in debt to the firm $1,477.36, to one-half of which sum Crump, as administrator of Simpson, is entitled ; that upon application subsequently made by plaintiff to Perkins for the payment of this sum he, Perkins, declined to pay anything, alleging that the statement was erroneous. Plaintiff prayed for a decree for the sum of $738.68, less $50, or that another reference be had and account stated by a master.

To this bill, on the 4th of October, 1875, the defendant interposed a demurrer and plea. The grounds of the demurrer were, because it appeared by the bill and exhibits that there had been a full settlement and adjustment of the matters referred to and because there was no equity in the bill. The plea is defective, in that it does not set out any matter of fact independent of the demurrer, but pleads the " above named settlement and adjustment," meaning the settlement set out in the bill. No attention seems to have been given it. The demurrer was overruled on the 28th of June, A. D. 1876. After various proceedings looking to a revival of the suit which it is unnecessary to mention, and on the 3d of February, A. D. 1880, what the defendant called a plea and answer and demurrer was filed by defendant. "For plea and demurrer " to the bill, " or unto so much and such parts thereof as this defendant is advised, is or are material or necessary for him to plead or make answer unto, this defendant saith." That he admits the facts as to filing of the original bill and the proceedings set forth up to and including the settlement had in the year 1871, and pleads said compromise and settlement as a bar to the account prayed for by the plaintiff, averring willingness upon his part to abide by and perform all the terms

of said settlement so far as they are obligatory upon him. Through the answers filed the defendant denies that the statement marked exhibit " B " was drawn up and exhibited as stated by plaintiff, or that any sum as stated in the bill was due by Perkins to Crump, giving in detail the facts connected with the matter, and affirming that exhibit " A " is the true and final settlement between the parties. To this answer there was a replication filed. So far as this paper purported to be a demurrer no attention seems to have been given to it. There was no particular replication to the plea.

After testimony taken covering both the subject-matter of the answer as well as the plea, on the 9th of December, A. D., 1880, the defendant's counsel was served by plaintiff's attorneys with a notice that on the 20th of December they would make application to the Judge to proceed at once to a hearing of argument of the plea filed by the defendant, stating that said plea had been set down for a hearing on the first of March, 1880, as well as that on the next day, or as soon thereafter as counsel could be heard, they would ask the Judge to proceed to a final hearing and determination of said cause, " the same being set down for hearing by plaintiff and now ready for final determination."

The transcript of the record then recites that on the 17th of January, A. D. 1881, " in pursuance of the above notice this cause came on to be heard,   *   *   *   and after judgment of counsel judgment was rendered in words and figures as follows." After stating the title of the case the decree continues : " This cause came on to be further heard, and was argued by counsel, and thereupon, upon consideration thereof, it was ordered, adjudged and decreed as follows, to-wit: That upon the law and the merits of the case the plea of defendant, John H. Perkins, as the administra-

tor, &c., of the estate of William Perkins, deceased, be sustained, and that the supplemental bill of John R. Crump, who sues as the administrator of Lewis T. Simpson, deceased, complainant, be dismissed with costs."

It is from this decree that this appeal is taken.

*D. S. Walker, Jr.*, for Appellant.

*R. B. Hilton*, for Appellee.

Mr. Justice Westcott delivered the opinion of the court.

The respondent in this case seeks, independent of its merits, to maintain the final decree dismissing the bill upon its merits on account of matters in connection with the supplemental bill. It is objected that it was filed *ex parte* and without notice. After general demurrer, plea and answer in support thereof, and hearing upon the merits and final decree, the want of notice if necessary in such case is waived. It is also urged that by this bill new matters occurring since the filing of the original bill constituting a new case are sought to be brought forward by way of supplement; that the case made by the bill, if any case is made, is the subject-matter of an original suit in equity. If any such objection as this was made at any time in the Circuit Court the record does not disclose it. The first pleading in response to this supplemental bill is a general demurrer for want of equity. This being overruled, there was a plea and answer in support thereof and after testimony a final hearing.

This objection, even if it be a good one, must, under these circumstances, be regarded as waived. There was here a general demurrer for want of equity. No such ground as that the matter of the supplemental bill is the subject of original rather than supplemental proceedings was set up

in the demurrer. In the case of Pinch vs. Anthony, *et al.*, 10 Allen, 477, it appeared " that at the time of filing the original bill the plaintiff had no cause of action. The plaintiff afterwards filed a supplemental bill setting forth certain facts that had occurred during the pendency of the suit." It was objected that the facts set forth in the supplemental bill could not be considered in that suit, but that the bill should be dismissed and the plaintiff be left to bring a new suit, if he has good cause of action. Say the court : " We have found no authority that goes so far as to authorize a party who has no cause of action at the time of filing his original bill to file a supplemental bill in order to maintain his suit upon a cause of action that accrued after the original bill was filed, even though it arose out of the same transaction that was the subject of the original bill. It would seem to be contrary to principle to allow this to be done. Milner vs. Milner, 2 Edw. Chy., 114, is an authority against allowing a new cause of action to be stated in a supplemental bill. But the plaintiff may, by means of a supplemental bill, introduce into his case facts that have occurred since the original bill was filed. The extent to which this may be done is not definitely settled. But if he goes too far in this respect the defendant has opportunity to object to it when leave is asked to file the supplemental bill, (Pedrick vs. White, 1 Met., 76,) or by demurrer to the bill for that cause after it is filed. In this case the defendant did demur, but did not present this as a ground of demurrer. 8 Allen, 536. The cause was sent to a master, and was recommitted to him by consent of both parties for the purpose of being fully heard upon its merits, and it has been so heard and his report embraces every matter that would have been modified if a new bill had been filed. The objection to the supplemental bill ought therefore to be regarded as waived. Pingree vs.

Coffin, 12 Gray, 288, 333; Story's Eq. Pldg., §528, and note; Underhill vs. Van Cortlandt, 2 John. Chy., 369." See also 2 Dan'l Chy. Pldg. & Prac., Cooper's Ed., 1,524, and note. In the case now before this court the objection was not taken by demurrer, and there was testimony taken after plea and answer in support thereof. Whether this objection was urged at the hearing in the Circuit Court we know not. The transcript of the record is silent as to the matter. But even if it was the objection, according to the principle of the case in the 10th of Allen and the cases cited above, should have been disregarded. It is unnecessary to enter into a discussion here to show that such objections as these, not necessary to the determination of the merits of a controversy, should be made before the hearing when quite all of the expenses of the litigation have been incurred. As remarked by Chancellor Kent in Underhill vs. Van Cortlandt, 2 John. Chy., 369: "It would be an abuse of justice if the defendant was to be permitted to protract a litigation to this extent, and with the expense that has attended this suit, and then, at the final hearing, interpose with this preliminary objection."

This disposes of the matter presented by the respondent as the ground upon which the decree should be sustained. The appellant asks a reversal upon the ground that the hearing being had upon the plea it was error for the court to dismiss the bill; that the decree should have been interlocutory, permitting him to take issue upon it. This is not the case made by this record. The notice was for a hearing upon the plea to be had on one day and for a final hearing and determination of said cause on the next day. The final hearing was had long after the time fixed for either hearing, and the decree of the court was, that upon the law and merits of the case the plea of the defendant be sustained and the bill dismissed. This is a decree not sim-

ply upon the face of the plea accepting its allegations as
true.   The case was before the court upon plea, answer in
support thereof, replication in form to answer and testi-
mony, and the court considered the case not solely with
reference to the sufficiency of the plea upon its face, but
with reference to the testimony taken, which was entirely
applicable to the allegations of the bill, to the averments of
the plea and the answer in support of it.   In addition to
this it is not a matter of course to direct an issue upon a
plea being sustained.   In this case the plea and answer in
support thereof went to the whole bill.   The bill asked for
a decree for a specific sum as due upon an alleged mutual
settlement of partnership accounts, or for a decree for a ref-
erence to settle the partnership account.   The plea and an-
swer in support thereof set up an alleged antecedent settle-
ment, the answer as well as the plea denying any subsequent
modification of the settlement, or that any sum was due
plaintiff on any account.   " Where a plea to the whole or
part of a bill is allowed upon argument, *the plaintiff, unless
he undertakes to reply to the plea, or the court otherwise directs,*
is to pay to the party by whom the plea is filed the costs
of the plea, and if the plea is to the whole bill the costs of
the suit also, and in such last-mentioned case the order
allowing the plea is to direct the dismissal of the bill."
Dan'l Chy. Pldg. & Prac., 698.

The plaintiff here in no manner undertook to reply to
the plea, and it was proper that the order allowing the plea
should dismiss the bill, as the plaintiff in no way suggested
a desire to reply to it and go into proofs, but on the con-
trary gave notice that he would on the next day after the
hearing of the plea ask the Judge to proceed to a final
hearing, averring that the case was " now ready " (meaning
at the time the notice of hearing upon the plea and for final
hearing was given,) " for final determination."   Under

Rules 52 and 55 of the Rules governing Courts of Equity, this plea should have been replied to by plaintiff or set down for argument by the rule day next succeeding the rule day on which it was filed, and if allowed upon the hearing the defendant would have been entitled to his costs, and unless leave to file replication to plea was asked for or the court otherwise ordered, the decree was final. The rule where the plea is allowed and the plaintiff fails to reply as stated by Barbour, (1 Barb. Chy. Prac., 121,) is that "not only the validity of the plea as a bar is admitted, but the truth of the facts set up in it; and of course the suit is at an end." The court may, without such application, direct upon a hearing that the benefit of the plea shall be saved to the defendant at the hearing. Here there was a hearing upon the plea as well as upon the facts disclosed at the final hearing, and that is to the plaintiff the most favorable method in which a plea can be considered. 3 Paige, 572; 1 Barb. Chy. Prac., 121, 122.

It is thus apparent that in the view in which this case has been discussed by the defendant and respondent, we can see no ground for a dismissal of the bill, which order he seeks to sustain, nor do we agree with the legal propositions upon which the appellant and plaintiff seeks to reverse the decree.

We will state our own view of the case as it was presented to the Circuit Court.

This is a case of a plea and answer in support thereof. The supplemental bill sets up an agreement, which it alleges provided for and agreed upon the terms of a settlement which it alleges was carried out by subsequent agreement, under which subsequent agreement plaintiff claimed a sum was due him. The plea set up the first agreement as a final settlement, and the answer in support thereof denies any subsequent settlement as alleged, or that any sum was due.

Our general views in reference to such a pleading are given in the case of Hart Ex. vs. Sanderson's Administrators, 16 Fla., 264–268. "In such cases the plea and answer form but one defence, and the title of such pleading is properly the 'plea and answer,' or 'the joint plea and answer,' or 'the joint and several plea and answer,' and the only proper title to a replication in such case is a replication to 'the plea and answer.'" 1 Barb. Chy. Prac., 174. Upon argument of such a plea, if the defendant appears not to have sufficiently supported his plea by his answer, the plea must be overruled and ordered to stand for an answer only. 1 Barb. Chy. Prac., 120; Mit. Eq. Pldg., 304; 3 Atk., 304; Welford's Eq., 394. For a form of such plea and answer see 2 Newland's Chy., 127. Where there is such plea and answer the replication must be to the plea and answer. Welford's Eq., 214; Kirby vs. Buston, 5 Mad., 378; 1 Sim. & Stu., 135; 10 Sim., 285. A replication to the answer alone is not admissible because the plea and the answer are one pleading mutually dependent upon each other. Here it is true the replication is restricted by its terms to the answer, but after treatment of the case by the court and by the parties in taking testimony applicable as well to the averments of the plea as to the answer, and going into a hearing upon the merits in the same manner as if a properly framed replication had been filed, we know of no rule which would justify an appellate tribunal in reversing a decree in order to give the plaintiff the opportunity to reopen the case to take additional testimony, which opportunity has been given him, and of which so far as this record discloses he has fully availed himself. The practice in the English and American courts is after witnesses have been examined to allow the replication to be filed *nunc pro tunc.* Mit. Chy., §523; Welford's Chy., §400; 1 Woods, 667; 1 Bibb, 277; 3 Blackf., 115; 12 Gill. & John., 271; 1 Ired. Chy., 117; 3 John. Chy., 363; 1 Bibb, 338.

In a case at law in the Supreme Court of the United States it was held that the fact that no replication was put in to two or three special pleas raising distinct defences is not a matter for reversal, the case having been tried below as if the pleadings had been perfect and in form. 7 Wall., 565. Certainly in a case in equity where there is only one plea and an answer in support thereof, to which all the testimony must necessarily be applicable, the mere omission to file a proper replication cannot be available upon appeal. In this case to reverse the decree for this reason would be to give the plaintiff an advantage on account of his own want of accuracy in framing his replication after he has had all the advantage it would have given him if correct.

We think, therefore, that in our treatment of the case we must regard any such irregularity as waived by the plaintiff treating the issues as properly made up. This brings us to the consideration of the case as it appears upon the pleadings and the testimony.

We do not propose to discuss the facts at length. After a bill to settle the partnership matter, a reference to a master and his report, these parties being each dissatisfied with the report as a final settlement of their differences, by their attorneys upon conference executed the following paper.

After stating the case the paper proceeds:

"The master's report in this case having been filed and exceptions thereto withdrawn, it is agreed between the parties to said cause that the same be dismissed and that each party pay his own costs, except the master's fee of fifty dollars, which having been paid by J. R. Crump, it is agreed that William Perkins shall refund to said Crump twenty-five dollars. It is further agreed that the accounts and notes having been assorted into three classes; namely, good, bad and doubtful; it is agreed that the attorneys in

said case shall proceed as early as practicable to divide said accounts equally between said parties, dividing to each party an equal amount of each class of said accounts and notes, and that upon said division said attorneys will execute their respective receipts to the respective parties for the notes and accounts divided to each, and that said accounts and notes remain in the hands of said attorneys respectively for collection or otherwise as either of the said parties may direct in reference to his own divided share of said notes, and that this be considered and ' is hereby declared to be a final settlement of all demands between said parties growing out of said suit.

" BOLLING BAKER,

"Attorney for J. R. Crump.

" R. B. HILTON,

"Attorney for William Perkins."

After executing this paper, at a subsequent day, Crump, William Perkins, who could neither read nor write, and John H. Perkins, his son, met at the office of Bolling Baker, Esq., for the purpose of dividing the notes as above agreed upon, the counsel of William Perkins being absent from the State, Crump's counsel, who seemed to have determined and stated the account, swears that he stated a general result of the account at that time, which, though not reduced to writing then, was subsequently reduced to writing by him. He states that he has no recollection of either of the parties agreeing in any exact words that they, or either of them, would be bound by such statements, but heard nothing to the contrary. This agreement was not then signed, this witness stating that both parties insisted upon leaving as soon as the result of the various calculations were arrived at, and that he thinks they left before statement " B " was drawn up in its present form. Statement " B " is as follows:

*Statement of Final Settlement of Accounts between J. R. Crump and W. Perkins of the Firm of Simpson & Perkins.*

Amount of good notes in hands of Messrs. Hilton, Walker & Baker, viz :

| | |
|---|---:|
| Note of James Conner and interest..................... | $2,407.78 |
| Note of D. Gardner........................................ | 382.42 |
| Note of J. R. Crump, administrator of Simpson............ | 108.07 |
| | $2,892.30 |

To amount cash collected by W. Perkins on notes and accounts.........................................$3,685.66

By amount debts paid........................... 2,208.30— 1,477.36

Total notes and cash good.................... .............. $4,369.66

Of which Mr. Crump is entitled to receive from Mr. Perkins in cash.......................................... $738.68

And in notes in Attorney's hands................ 1,446.15— 2,184.83

Of which Mr. Perkins is entitled to retain in cash. $738.68

And to receive in notes......................... 1,446 15— 2,184.83

$4,369.66

The $738.68 cash due Mr. Crump should bear interest from March 4, 1867, until paid ; thus, cash, $738.68 ; interest at 8 per cent. to settlement.

John H. Perkins testifies that he was present at the date of this last alleged settlement ; that Bolling Baker was to make it in conformity with the antecedent agreement for final settlement ; that the papers were examined and classified ; that a note signed by Conner & Carr they considered of sufficient value to divide by making two notes, and that the remainder of the papers were left in the hands of Bolling Baker for collection, and all the proceeds of said collections were to be equally divided; that Mr. Perkins paid $25, one-half of the fee of the master, and this was considered a final settlement.

J. B. Conner, who was present at this interview and settlement, says a note held by them against him was divided, and that he knew of no agreement between them at that

time, except that there was to be made on that day a division of all the notes and accounts, which he supposed was a full and complete settlement.

Without entering into any argument as to the effect of this testimony, we simply state our conclusion to be that everything done by plaintiff's counsel on this occasion, authorized by the defendant, was the classification and division of the notes and accounts.

The plaintiff's counsel was not given authority either at that or any other time to make himself the master in this case to state an account between the parties according to his views from the books. He was upon this occasion to classify the notes and accounts. This division he states he made, that both parties declined to take any of the accounts then before them; that both agreed they were all hopeless, and that they would be left with him, and if either Crump or Perkins could collect anything from them or use them in any way, each would account to the other for his share of the amount so realized. He states that he has never collected any of them, nor heard that Crump or Perkins ever did. This was the execution of the agreement made by the parties. The subsequent statement " B " made in the absence of, and not consented to, did not represent any division of the notes and accounts by Perkins & Crump, as they had agreed upon, but was the counsel's view as to what constituted a division of the " assets," which was his construction of the agreement, while no agreement to divide the " assets " was ever made, but a definite agreement to divide the notes and accounts after classification as to value. The agreement that Perkins, as a matter of final settlement, should pay as a debt due Crump twenty-five dollars, and the agreement, as admitted by Baker, that the accounts as collected were to be divided between them, is not consistent with the idea that Perkins upon this settle-

ment was understood to be the debtor of Crump to the amount of over seven hundred dollars. Again, Baker's evidence shows that the accounts and notes to be divided were in a package before that time made out by the master, and that "*the individual accounts of the partners were not drawn off, nor were they in the packages*, so far as I remember, with the other assets."

The decree is affirmed.

A petition for a rehearing was filed.

MR. JUSTICE WESTCOTT delivered the following opinion thereon:

This case, as we understand it after careful examination, is stated and decided in the opinion heretofore delivered. After examination of this petition we find no sufficient reason to grant a rehearing. It is therefore denied.