J. B. HOWARD, *et al., Appellants,* v. G. A. SHEFFIELD, *Appellee.*

Opinion Filed February 13, 1917.

A decree not sustained by the evidence will be reversed.

Appeal from Circuit Court for Alachua County; Jas. T. Wills, Judge.

Decree reversed.

*E. G. Baxter,* for Appellants;

No appearance for Appellee.

PER CURIAM.—G. A. Sheffield filed a bill in equity alleging in effect that he is the owner in fee simple and is in possession of described real estate; that the lands were conveyed to complainant "as trustee" with power to sell and convey; that the conveyance to him "as trustee" was for the purpose of enabling him to convey without joining his wife; that subsequent to the conveyance to complainant a judgment was obtained against J. B. Sheffield, the grantor; that an execution on the judgment was levied upon the lands and sale thereunder is advertised. An injunction was prayed against J. B. Howard, the judgment creditor and the sheriff. A temporary injunction was granted. By answer the defendant Howard denied that complainant is the *bona fide* owner in fee simple and in possession of the lands, and in effect avers that the pretended deed of conveyance to complainant was not recorded till after the defendant's judgment was obtained against the grantor; that J. B. Sheffield is the owner and in possession of the lands; that the conveyance was made as a subterfuge and for the purpose of trying to defeat the judgment lien. A demurrer was incorporated in the answer. A dissolution of the injunction was denied. Testimony was taken and the Chancellor decreed for the complainant.

On appeal the defendants urge that the court erred in refusing to dissolve the injunction and in granting the relief to complainant.

The circumstances in evidence clearly indicate a lack of *bona fides* in the execution of the conveyance by the father to his son "as trustee with full power to sell and convey." This view is strengthened by the nature of the alleged consideration and the dealings of

the father with the property and other circumstances in evidence.

The decree is reversed.

BROWNE, C. J., and TAYLOR, SHACKLEFORD, WHITFIELD and ELLIS, JJ., concur.