CHARLES SHAD, *Appellant*, v. PRISCILLA SMITH, BY KETURA SMITH, HER NEXT FRIEND, *Appellee*.

Opinion Filed November 15, 1917.

1. While the findings and conclusions of a chancellor, where the evidence is not taken before him, but before a master or examiner, by reason whereof he is not afforded an opportunity of seeing and hearing the witnesses, are not entitled to the same weight as the verdict of a jury, yet even in that case they should not be disturbed by an appellate court, unless they are clearly shown to be erroneous.

2. In equity, as well as at law, every presumption is in favor of the correctness of the rulings of the trial judge, and a final decree rendered by him, based largely or solely upon the questions of fact, will not be reversed, unless the evidence clearly shows it to be erroneous.

3. Where the testimony is conflicting but there is evidence to support the finding of the chancellor, the decree will not be reversed on the evidence.

4. No instrument is effectual as an alienation of or a conveyance or transfer of title to or any interest in the homestead real estate, without the joint consent of husband and wife when that relation exists, which joint consent shall be evidenced by a deed or mortgage duly executed and acknowledged by the husband and wife with the formalities prescribed by law for conveyances by husband and wife.

5.  The signing, sealing and delivery of a deed by a married woman is not sufficient to convey her interest in the land described therein, whether such interest be dower, separate estate, or what not. In addition thereto, in order to render such decree effectual as to her, she must acknowledge the same in accordance with the statutory requirements.

6.  Where a married woman fails to duly acknowledge before an officer, the execution of a deed of conveyance to an interest in homestead real estate in accordance with the statutory requirements, even though her husband who is the owner of the homestead property properly executes and acknowledges such deed, it is ineffectual to convey the homestead real estate, for the reason that there has been no "joint consent of husband and wife," or deed of conveyance "duly executed by husband and wife," which the Constitution mandatorily requires in order to make a conveyance of the homestead valid and effectual to pass the title thereto.

7.  A wife has a dower interest in her husband's homestead real estate.

8.  The law which authorizes designated officers to take the private examination of the wife was designed as a substitution for the procedings at common law by fine and recovery, whereby the right of the wife on the one hand might be guarded, and a sure indefeasible and unquestionable transfer of her right secured on the other.

9.  A deed of conveyance of homestead real estate by the owner who is a married person, is not under the constitution "duly executed" or effectual, unless the execution by the wife is acknowledged before an officer in substantial compliance with the statute, in addition to the signing, sealing and delivery of the instrument by both husband and wife, and its due attestation by two witnesses.

10. A deed of conveyance signed, sealed and delivered by the husband and by the wife, is not effectual even as between the parties where the execution of it was not duly acknowledged by the wife.

11. Where the evidence is ample to sustain specific findings of the chancellor "that the property in dispute is a homestead, and that no proper acknowledgement of the wife was ever taken as to her joinder in its attempted conveyance," and no reversible errors of law or procedure appear, a decree based on such findings will be affirmed.

Appeal from Circuit Court for Duval County, Daniel A. Simmons, Judge.

Decree affirmed.

*Frank L. Dancy* and *George C. Bedell*, for Appellant;

*Maynard Ramsey*, for Appellee.

WHITFIELD, J.—On October 6, 1913, the appellee by her next friend brought a bill in equity against Charles Shad and Frederick R. Smith, the husband of Priscilla Smith, appellee.

In the bill of complaint it is in substance alleged that Frederick R. Smith was the owner of described five acres of land in Duval County, Florida, not within the corporate limits of any town or city, on which the husband and wife lived together as their homestead; that a conveyance of a portion of said land was made in January, 1913, to Shad, but that though complainant signed the deed of conveyance, it was done not voluntarily, but under stated constraints and misapprehensions, and that she did not acknowledge the execution of the deed and that the certificate of her acknowledgement is false; that she has never received any benefit from the transaction. It is prayed that the conveyance be cancelled and for appropriate relief. A decree *pro confesso* was entered against the defendant Frederick R. Smith. Shad's demurrer to

the bill of complaint was overruled. A plea setting up matters relative to the conveyance as a bar to the suit was overruled. An answer was filed and testimony taken before an examiner. The chancellor found specifically "that the property in dispute is a homestead, and that no proper acknowledgment of the wife was ever taken as to her joinder in its attempted conveyance." There were other findings not inconsistent with this. Appropriate decrees were rendered and Shad appealed.

The finding of a Chancellor on the testimony taken before an examiner will not be given the same effect as the verdict of a jury because not based upon testimony of witnesses sworn and testifying before him, and if the evidence so taken before the examiner clearly shows that the conclusions of the Chancellor were incorrect, his conclusions will be reversed. McGill v. Chappelle, 71 Fla. 479, 71 South. Rep. 836; Howard v. Sheffield, 73 Fla. 358, 74 South. Rep. 488.

While the findings and conclusions of a chancellor, where the evidence is not taken before him, but before a master or examiner, by reason whereof he is not afforded an opportunity of seeing and hearing the witnesses, are not entitled to the same weight as the verdict of a jury, yet even in that case they should not be disturbed by an appellate court, unless they are clearly shown to be erroneous.

In equity, as well as at law, every presumption is in favor of the correctness of the rulings of the trial judge, and a final decree rendered by him, based largely or solely upon questions of fact, will not be reversed, unless the evidence clearly shows it to be erroneous.

Where the testimony is conflicting but there is evidence to support the finding of the chancellor, the decree will not be reversed on the evidence. Millinor v. Thornhill,

63 Fla. 531, 58 South. Rep. 34; Johns v. Bowden, 72 Fla. 530, 73 South. Rep. 603; Hogeboom v. Anderson, 70 Fla. 393, 70 South. Rep. 312; Mock v. Thompson, 58 Fla. 477, 50 South. Rep. 673.

In Sections 1, 2 and 4, Article X of the State Constitution, it is provided that "A homestead to the extent of one hundred and sixty acres of land, or the half of one acre within the limits of any incorporated city or town, owned by the head of a family residing in this State, together with one thousand dollars' worth of personal property, and the improvements on the real estate, shall be exempt from forced sale under process of any court, and the real estate shall not be alienable without the joint consent of husband and wife, when that relation exists. But no property shall be exempt from sale for taxes or assessments, or for the payment of obligations contracted for the purchase of said property, or for the erection or repair of improvements on the real estate exempted, or for house, field or other labor performed on the same. The exemption herein provided for in a city or town shall not extend to more improvements or buildings than the residence and business house of the owner; and no judgment or decree or execution shall be a lien upon exempted property except as provided in this article.

"The exemptions provided for in section one shall inure to the widow and heirs of the party entitled to such exemption, and shall apply to all debts, except as specified in said section.

"Nothing in this article shall be construed to prevent the holder of a homestead from alienating his or her homestead so exempted by deed or mortgage duly executed by himself or herself, and by husband and wife, if such relation exists; nor if the holder be without

children to prevent him or her from disposing of his or her homestead by will in a manner prescribed by law."

In Thomas v. Craft, 55 Fla. 842, text 847, 46 South. Rep. 594, 15 Ann. Cas. 1118, the principle is announced that "no instrument is effectual as an alienation of or a conveyance or transfer of title to or any interest in the homestead real estate, without the joint consent of husband and wife when that relation exists, which joint consent shall be evidenced by a deed or mortgage duly executed and acknowledged by the husband and wife with the formalities prescribed by law for conveyances by husband and wife." See also Byrd v. Byrd, 73 Fla. 322, 74 South. Rep. 313; High v. Jasper Mfg. Co., 57 Fla. 437, 49 South Rep. 156.

The signing, sealing, and delivery of a deed by a married woman is not sufficient to convey her interest in the land described therein, whether such interest be dower, separate estate, or what not. In addition thereto, in order to render such deed effectual as to her, she must acknowledge the same in accordance with the statutory requirements.

Where a married woman fails to duly acknowledge before an officer, the execution of a deed of conveyance to an interest in homestead real estate in accordance with the statutory requirements, even though her husband who is the owner of the homestead property properly executes and acknowledges such deed, it is ineffectual to convey the homestead real estate, for the reason that there has been no "joint consent of husband and wife," or deed of conveyance "duly executed by husband and wife" which the Constitution mandatorily requires in order to make a conveyance of the homestead valid and effectual to pass the title thereto. See Adams v. Malloy,

70 Fla. 491, 70 South. Rep. 463; Bank of Jennings v. Jennings, 71 Fla. 145, 71 South. Rep. 31.

A wife has a dower interest in her husband's homestead real estate. Godwin v. King, 31 Fla. 525, 13 South. Rep. 108; Donly v. Metropolitan Realty & Investment Co., 71 Fla. 644, 72 South Rep. 178.

Under Sections 1 and 4 of the Constitution the homestead real estate may be alienated with "the joint consent of husband and wife", by deed or mortgage duly executed * * * by husband and wife, if such relation exists."

Section 2462, General Statutes, 1906, provides that "To render a sale conveyance, mortgage or relinquishment, whether of separate estate or of dower, effectual to pass a married woman's estate or right, she must acknowledge, before some officer authorized to take acknowledgement of deeds, separate and apart from her husband, that she executed the same freely and voluntarily and without compulsion, constraint, apprehension or fear of or from her husband, and the officer's certificate shall set forth all the foregoing requirements."

The law which authorizes designated officers to take the private examination of the wife was designed as a substitution for the proceedings at common law by fine and recovery, whereby the right of the wife on the one hand might be guarded, and a sure indefeasible and unquestionable transfer of her right secured on the other. Bank of Jennings v. Jennings, *supra;* Hart v. Sanderson, 18 Fla. 103.

At common law a married woman could not either alone or by uniting with her husband in a deed bar herself, or her heirs, of her interest in real estate. Such a deed and her contracts generally were void, except so far as they related to her equitable separate estate and

permitted by its nature and holding. The only way she could convey real estate was by uniting with her husband in the solemn proceeding in a court of record known as a fine and recovery. This mode of conveying real estate by married women is abolished in this State, but by the constitution and statute they can mortgage or deed their interests in realty, and the mode thereby provided is said to be a substitute for the fine and recovery of the common law. Herring v. Fitts, 43 Fla. 54, 30 South. Rep. 804.

A deed of conveyance signed, sealed and delivered by a man and the execution properly attested may be "duly executed" and effectual as between the parties to pass his interest in real estate other than his homestead when he is a married man, whether the execution is acknowledged or proven before an officer or not. But under the statute to render a conveyance effectual to pass a married woman's estate or right in real estate, she must acknowledge, before some officer authorized to take acknowledgements of deeds, separately and apart from her husband, that she executed the same freely and voluntarily and without compulsion, constraint, apprehension or fear of or from her husband, and the officer's certificate shall set forth all the foregoing requirements. A deed of conveyance of homestead real estate owned by a person not married may be "duly executed" when it is properly signed, sealed and delivered by such person, and the execution is duly attested; but a deed of conveyance of homestead real estate by the owner who is a married person, is not under the constitution "duly executed" or effectual, unless the execution by the wife is acknowledged before an officer in substantial compliance with the statute, in addition to the signing, sealing and delivery of the instrument by both husband and wife, and its due attestation by two witnesses. Secs. 1,

4 Art. X Constitution; Secs. 2448, 2462 Gen. Stats., 1906; Bank of Jennings v. Jennings, *supra*.

There is evidence showing that Frederick R. Smith owned five acres of land in a single tract in Duval County, Florida, not within any incorporated city or town; that he and his wife, the appellee, and their daughter had for many years lived in a house on the land as their home and cultivated the other portions of the place as a farm and truck garden and in raising flowers and chickens; that the family so utilized the whole five acres; that a portion of the land, perhaps two and a half acres, was platted into twenty-seven lots, the house being on the other portion of the land; that no sales of any of the twenty-seven lots were made to others; that the contested deed to Shad covered the twenty-seven lots and not the part of the land on which the dwelling house stood; that the entire five acres was when the deed was executed and at the trial possessed and used by the family as their homestead. This constituted the entire five acres a homestead. McDougall v. Meginniss, 21 Fla. 362; Armour & Co. v. Hulvey, 73 Fla. 294, 74 South. Rep. 212.

The platting of a portion of the homestead real estate and offering such platted portion for sale, and the giving of a mortgage on the whole or any part of the homestead do not *ipso facto* change the character of the property as a homestead, even though the mortgage lien may be enforced, or a sale of a portion of the homestead may be made. There was no error in the finding that the property was a homestead. Though the deed of conveyance in this case was in fact signed, sealed and delivered by the husband and by the wife, if the execution of it was not duly acknowledged by her, it is ineffectual

even as between the parties to convey any part of the homestead real estate.

It appears from the evidence that the husband and wife both signed the deed of conveyance and that it was attested by two witnesses. But there is little, if any, evidence other than the certificate of the notary public that the wife acknowledged the execution of the instrument separately and apart from her husband, or that she executed the same freely and voluntarily and without compulsion, constraint or fear of or from her husband, as is expressly required by the statute. The bill of complaint alleges that the wife was inexperienced and did not sign the deed of conveyance freely or voluntarily, but signed it under constraint from her husband, and that she never acknowledged the execution, and that the notary never took the wife's acknowledgment of the execution of the instrument either jointly or privately, and that the certificate of her acknowledgment is untrue and false. The notary public who made the certificate of acknowledgment testified that he did not take the wife's acknowledgment separate and apart from the husband. He further testified that the husband and wife "were both there together. . I asked her was she satisfied, and that was the end of it." "Q. Did you take her acknowledgment separate and apart from her husband? A. No, I read it to her, and she was perfectly satisfied and signed it." There is testimony of other witnesses in support of the notary's testimony that an acknowledgment by the wife separate and apart from her husband was not in fact taken by the notary; and the entire evidence is clear and convincing that the wife was not given an opportunity to, and did not in fact, acknowledge separately and apart from her husband, that she executed the deed freely and voluntarily

and without compulsion, constraint, apprehension or fear of or from her husband. This being so the deed was not "duly executed" by the wife and it is "ineffectual to pass the married woman's estate or right" or any title to the homestead real estate. In material respects the evidence as to the wife's acknowledgment is quite different from that in Bank of Jennings v. Jennings, *supra*.

The wife received no part of the purchase money paid by Shad; and the constitution does not permit the homestead to be subjected for payments made under the facts shown in this case.

The evidence is ample to sustain the findings of the Chancellor "that the property in dispute is a homestead, and that no proper acknowledgment of the wife was ever taken as to her joinder in its attempted conveyance," and as no reversible errors of law or procedure appear, the decree is affirmed.

BROWNE, C. J., AND TAYLOR, ELLIS AND WEST, J. J., concur.