C. J. HUTCHINSON AND HARRIET M. HUTCHINSON, HIS WIFE, *Appellants,* v. K. STONE, *Appellee.*

Opinion Filed February 25, 1920.

Petition for rehearing denied April 13, 1920.

1. Upon the death of "the holder of a homestead," the homestead "inures" to the widow, as widow, if there be one, and to the "heirs" of the owner.

2. A wife has a dower interest in her husband's homestead real estate.

3. Exempt property is for the benefit of the "heirs" as well as the "widow" of the owner.

4. If a "deed or mortgage" "alienating" the homestead is not "duly executed * * * by husband and wife, if such relation exists," the deed or mortgage is ineffectual to convey or to encumber the homestead property.

5. On the mortgage or conveyance of homestead real estate, none of the requirements of the constitution or the statute may be waived, by the husband and wife, or by either of them.

6. It is the wife's acknowledgement *before* a proper officer, separate and apart from her husband, that she executed an instrument conveying real estate freely and voluntarily, without compulsion, constraint, apprehension or fear of or from her husband, and not merely the wife's signature to the instrument, that makes it effective as to her.

7. The "heirs" of the homestead owner, as well as the owner and his wife, if he has one, have an interest in the homestead real estate that can be "alienated" only as provided in the constitution.

8. If the requirements of the constitution and statutes are not complied with in "alienating" homestead real estate, the attempt is a nullit as to the "heirs" of the homestead owner and also as to the husband and wife.

9. A deed or mortgage to be "duly executed * * * by husband and wife," must be executed as required by the statutes, that is signed, sealed and delivered by each of them, attested by two witnesses as to each signature, and as to the wife, a statutory "acknowledgement" is a part of the due execution of a deed or mortgage.

10. Under the statute the acknowledgement by a married woman of the execution of a deed of conveyance to be effective as a conveyance must be "before some officer authorized to take acknowledgements of deeds, separately and apart from her husband, that she executed the same freely and voluntarily and without compulsion, constraint, apprehension or fear of or from her husband, and the officer's certificate shall set forth all the foregoing requirements."

11. The "acknowledgement" of a married woman in executing a deed or mortgage of real estate must be "before" a proper officer, which means to him and in his presence, and it must be made "separately and apart from her husband."

12. The "acknowledgement" of a married woman must in legal effect be a statement made by her to the officer in his presence "that she executed" the deed or mortgage "freely and voluntarily, and without compulsion, constraint, apprehension or fear of or from her husband." And the officer's certificate must state in substance and legal effect, that all the foregoing requirements were complied with.

13. A "mortgage duly executed * by husband and wife," sufficient to create a lien upon homestead real estate of the husband, as between the mortgagors and mortgagee must be duly executed by the husband and wife and the execution by the wife duly acknowledged by her, since under the statute due acknowledgement by the wife of the execution of the deed or mortgage by her is essential to the validity of any conveyance or relinquishment of an interest in real estate by the wife even as between the parties to the instrument.

14. The law which authorizes designated officers to take the private examination of the wife was designed as a substitution for the proceedings at common law by fine and recovery, whereby the right of the wife on the one hand might be guarded, and a sure indefeasible and unquestionable transfer of her right secured on the other.

15. The certificate of the officer as to the acknowledgement of the execution of a deed of conveyance or mortgage made before him, is a quasi-judicial act, and where the person executing the instrument and the instrument are in fact before the officer, and he undertakes to act officially, the certificate of the officer as to the transaction, when made as the law requires, is in the absence of fraud or duress, conclusive as to the facts stated in the official certificate. When fraud is alleged, proof of it must be of the clearest, strongest and most convincing character.

16. Unless the married woman, who makes an acknowledgement that she executed a deed or mortgage, appears in person *before* the officer, he has no authority under the statute to take her acknowledgement.

17. An acknowledgement that she executed a conveyance made to an officer over a telephone wire by the married woman who is not present with the officer, is not an acknowledgement "before" the officer as is expressly required by the statute.

18. The constitution provides that homestead real estate may be alienated only by deed or mortgage duly executed by husband and wife, when that relation exists, with the owner of a homestead, and such requirements are exclusive and mandatory. A failure to comply with controlling organic provisions, is fatal to a deed or mortgage attempting to alienate homestead real estate.

An Appeal from the Circuit Court for Hillsborough County, F. M. Robbs, Judge.

Decree reversed.

*Shackleford & Shackleford*, for Appellants;

*W. C. Bigger* and *H. S. Hampton*, for Appellee.

WHITFIELD, J.—K. Stone brought a suit to enforce a mortgage lien upon real estate alleged to have been executed by Hutchinson and his wife. By answer the defendant, Harriet M. Hutchinson, "admits that she signed the mortgage deed referred to in said paragraph, but alleges that she was tricked into doing so, and denies that she ever acknowledged same; that she and Currie J. Hutchinson named as defendants herein are husband and wife, and have occupied that relation to each other for some years prior to the 17th day of March, A. D. 1916, the date on which the mortgage sought to be foreclosed in this proceeding, was signed, and that she and her said husband, Currie J. Hutchinson, are citizens of

the State of Florida and that the property upon which
the mortgage lien is claimed and sought to be enforced
by the bill in this proceeding, constituted, on or before
the said 17th day of March, A. D. 1916, and has ever
since constituted the homestead of herself and her family,
consisting of this defendant and her said husband, and
their two minor children, upon which they then, and
have ever since actually resided as their home and have
not resided anywhere else during that period; said prem-
ises embracing less than one-half acre in the incorporated
limits of the city of Tampa, Florida, and were then, and
are now, used exclusively as the homestead of this de-
fendant, her husband and said family;" that "when she
signed this mortgage sought to be foreclosed, was de-
ceived as to the property described in said mortgage
deed, her husband stating to her that this mortgage was
merely a renewal of a prior mortgage which she and
her husband had executed on some lands belonging to
her said husband, situated in the vicinity of West Tampa.
This defendant, believing the aforesaid representations
of her said husband, and relying upon them, signed
the said mortgage deed and did not, at the time know
that she was signing a mortgage deed to the said home-
stead, and would not, under any circumstances, have
signed any such deed, had she been aware of its con-
tents.   This defendant says that she did not make the
acknowledgement dated the 21st day of March, A. D.
1916, and forming a part of the said mortgage deed, and
that the first knowledge that she had of any such certifi-
cate of acknowledgement was when her attention was
called to the fact that a bill of foreclosure had been filed
against her homestead, and that knowledge reached her
after the final decree and order of sale had been entered

in this cause. This defendant says that she did not appear before the notary signing this certificate of acknowledgement and did not have any conversation with her in regard to acknowledging this instrument, either personally or over the telephone, and in fact, had no communication with the said notary in any way, shape or form, in regard to the execution of the acknowledgement of the mortgage deed sought to be foreclosed upon this proceeding; that her husband, well knowing that under no circumstances would she consciously sign or acknowledge any deed, mortgage or other instrument seeking to convey her homestead, or place any incumbrance thereon, resorted to the deceit hereinbefore described in order to get her signature to this paper, and that he, in some way unknown to this defendant contrived to have the said acknowledgement signed by the said notary in some manner unknown to this defendant."

Testimony was taken and a final decree rendered for the complainant. The defendant mortgagors appealed.

The testimony shows that the property is the homestead of the defendant mortgagors and that the acknowledgement of the execution of the mortgage by the wife was taken over a telephone, the wife and the notary who took the acknowledgement not being at the same place in the city.

The constitution of the State contains the following provisions:

"A homestead to the extent of one hundred and sixty acres of land, or the half of one acre within the limits of any incorporated city or town, owned by the head of a family residing in this State, together with one thousand dollars' worth of personal property, and the improvements on the real estate, shall be exempt from

forced sale under process of any court, and the real estate shall not be alienable without the joint consent of husband and wife, when that relation exists; but no property shall be exempt from sale for taxes or assessments, or for the payment of obligations contracted for the purchase of said property, or for the erection or repair of improvements on the real estate exempted, or for house, field or other labor performed on the same. The exemption herein provided for in a city or town shall not extend to more improvements or buildings than the residence and business house of the owner; and no judgment or decree or execution shall be a lien upon exempted property except as provided in this article." Sec. 1, Art. X.

"The exemptions provided for in Section one shall inure to the widow and heirs of the party entitled to such exemption, and shall apply to all debts, except as specified in said section." Sec. 2, Art. X.

"Nothing in this article shall be construed to prevent the holder of a homestead from alienating his or her homestead so exempted by deed or mortgage duly executed by himself or herself, and by husband and wife, if such relation exists; nor if the holder be without children to prevent him or her from disposing of his or her homestead by will in a manner prescribed by law." Sec. 4, Art. X.

"The Legislature shall enact such laws as may be necessary to enforce the provisions of this article." Sec. 6, Art. X.

The statutes provide that real estate shall be conveyed "by deed in writing, signed, sealed and delivered in the presence of at least two subscribing witnesses." Sec. 2448 Gen. Stats. 1906, Compiled Laws, 1914.

"Any married woman having a right of dower in any real property may relinquish it by joining in the conveyance or mortgage of such real property, or by a separate deed executed in like manner as other conveyances." Sec. 2461 Gen. Stats. 1906, Compiled Laws, 1914.

"To render such sale, conveyance, mortgage or relinquishment, whether of separate estate or of dower, effectual to pass a married woman's estate of right, she must acknowledge, before some officer authorized to take acknowledgements of deeds, separately and apart from her husband, that she executed the same freely and voluntarily and without compulsion, constraint, apprehension or fear of or from her husband, and the officer's certificate shall set forth all the foregoing requirements." Sec. 2462 Gen. Stats. 1906, Compiled Laws, 1914.

Notaries public are "authorized to take acknowledgements of deeds" in this State. Sec. 2481 Gen. Stats. 1906, Compiled Laws, 1914.

"Women over twenty-one years of age" may be "notaries public" in this State. Sec. 303 Gen. Stats. 1906, Compiled Laws, 1914.

The constitution provides that homestead exemptions "shall inure to the widow and heirs of the party entitled to such exemptions;" and that nothing in the Article relative to homestead exemptions "shall be construed to prevent the holder of a homestead from alienating his or her homestead so exempted by deed or mortgage duly executed by himself or herself, and by husband and wife, if such relation exists;" and that "the Legislature shall enact such laws as may be necessary to enforce the provisions of this Article."

Upon the death of "the holder of a homestead," the homestead "inures" to the widow, as widow, if there be one, and to the "heirs" of the owner. Palmer v. Palmer, 47 Fla. 200, 35 South. Rep. 983. A wife has a dower interest in her husband's homestead real estate. Shad v. Smith, 74 Fla. 324, 76 South. Rep. 897. The exempt property is for the benefit of the "heirs" as well as of the "widow" of the owner. If a "deed or mortgage" "alienating" the homestead is not "duly executed  *  * * by husband and wife, if such relation exists," the deed or mortgage is ineffectual to convey or to encumber the homestead property. Thomas v. Craft, 55 Fla. 842, 46 South. Rep. 594; Shad v. Smith, *supra.* In the mortgage or conveyance of homestead real estate, none of the requirements of the constitution or the statute may be waived, by the husband and wife, or by either of them. It is the wife's acknowledgement *before* a proper officer, separate and apart from her husband, that she executed the instrument freely and voluntarily, without compulsion or fear of or from her husband, and not merely the wife's signature to the instruments, that makes it effective as to her. The "heirs" of the homestead owner, as well as the owner and his wife, if he has one, have an interest that can be "alienated" only as provided in the constitution. If the requirements of the constitution and statutes are not complied with in "ailenating" homestead real estate, the attempt is a nullity as to the "heirs" of the homestead owner and also as to the husband and wife.

A deed or mortgage to be "duly executed  *  *  * by husband and wife," must be executed as required by the statutes, that is, signed, sealed and delivered by each of them, attested by two witnesses as to each sig-

nature, and as to the wife, a statutory "acknowledge-
ment" is a part of the due execution of a deed or mort-
gage. This acknowledgement must be "before some offi-
cer authorized to take acknowledgements of deeds, sep-
arately and apart from her husband, that she executed
the same freely and voluntarily and without compulsion,
constraint, apprehension or fear of or from her husband,
and the officer's certificate shall set forth all the fore-
going requirements." Sec. 2462, Gen. Stats. 1906.

The "acknowledgement" of a married woman in execut-
ing a deed or mortgage of real estate must be "before"
a proper officer, which means to him and in his presence,
and it must be made "separately and apart from her hus-
band."

The "acknowledgement" of a married woman must in
legal effect be a statement made by her to the officer
in his presence "that she executed" the deed or mortgage
"freely and voluntarily, and without compulsion, con-
straint, apprehension or fear of or from her husband."
And the officer's certificate must state in substance and
legal effect, that all the foregoing requirements were
complied with.

A "mortgage duly executed    *    by husband and wife,"
sufficient to create a lien upon homestead real estate of
the husband, as between the mortgagors and mortgagees
must be duly executed by the husband and wife and
the execution by the wife duly acknowledged by her,
since under the statute due acknowledgement by the
wife of the execution of the deed or mortgage by her
is essential to the validity of any conveyance or re-
linquishment of an interest in real estate by the wife
even as between the parties to the instrument. The law

which authorizes designated officers to take the private examination of the wife was designed as a substitution for the proceedings at common law by fine and recovery, whereby the right of the wife on the one hand might be guarded, and a sure indefeasible and unquestionable transfer of her right secured on the other. The certificate of the officer as to the acknowledgement of the execution of a deed of conveyance or mortgage made before him, is a quasi-judicial act, and where the person executing the instrument and the instrument are in fact before the officer, and he undertakes to act officially, the certificate of the officer as to the transaction, when made as the law requires, is in the absence of fraud, or duress, conslusive as to the facts stated in the official certificate. When fraud is alleged, proof of it must be of the clearest, strongest and most convincing character. Bank of Jennings v. Jennings, 71 Fla. 145, 71 South. Rep. 31; Holland v. Webster, 43 Fla. 85, 29 South. Rep. 625; Shear v. Robinson, 18 Fla. 379.

The words "alienable" and "alienating" are used in Article X of the constitution in the sense of conveying or transferring the legal title, or any beneficial interest in, the exempt homestead real estate during the life of the owner. The method by which the homestead shall be alienated, i. e., conveyed or transferred, being expressly and specifically prescribed and defined in the constitution to be by joint consent and by deed or mortgage duly executed by husband and wife when that relation exists, all other methods of alienation during the life of the owner are inhibited. The signing, sealing and delivery of a deed by a married woman is not sufficient to convey her interest in the land described therein, whether such interest be dower, separate estate or what not. In

addition thereto, in order to render such deed effectual as to her, she must acknowledge the same in accordance with the statutory requirements. Where a married woman fails to acknowledge a deed to an interest in homestead real estate in accordance with the statutory requirements, even though the husband properly executes and acknowledges such deed, such deed is ineffectual to convey the interest in the homestead real estate for the reason that there has been "no joint consent of the husband and wife," which the constitution mandatorily requires in order to make a conveyance of the homestead valid and effectual to pass the title thereto. Adams v. Malloy, 70 Fla. 491, 70 South. Rep. 463; Shad v. Smith, *supra;* 1 C. J. 818 *et seq.*

A private examination of the wife *before* the proper officer is an indispensable requisite to the conveyance of her real estate. Carn v. Haisley, 22 Fla. 317. This proceeding is a statutory substitute for the common law method to bar the wife's rights in land by fine and recovery. Hart v. Sanderson's Admrs., 18 Fla. 103. The statutory proceeding must be strictly pursued by an officer acting within his authority or the action taken is a mere nullity as a means of conveying an interest or right in homestead real estate. 1 R. C. L. 301; Martin v. Dwelly, 6 Wend. (N. Y.) 9.

An acknowledgement by a married woman of the execution of a deed or mortgage alienating homestead real estate, taken by an officer under circumstances that make the officer's act not within the jurisdiction, authority or power of the officer, renders the acknowledgement invalid as a means of transferring an interest in the homestead real estate. See Hagan Bros. v. Beaty, —— Ala.

——, 79 South. Rep. 250; I. C. T. 809; Stewart v. Stewart, 19 Fla. 846; Evans v. Dickenson, 114 Fed. Rep. 284.

While the certificate of an officer who is authorized to take acknowledgement of deeds and mortgages, stating in effect that a named married woman duly acknowledged before him the execution of a deed or mortgage alienating homestead real estate, is a *quasi* judicial act, and where the married woman who made the acknowledgement and the executed instrument are in fact *before* the officer, and he undertakes to act officially, the certificate of the official as to the acknowledgement, when duly made, is, in the absence of fraud or duress, conclusive of the facts stated in the official certificate, yet if the married woman who made the acknowedgement was not in fact *before* the officer when the acknowedgement was made, the officer is withiut jurisdiction, authority or power to take the acknowedgement of the married woman, or to make the statutory certificate with reference thereto. 1 C. J. 775. The absence of such jurisdiction, authority or power to take the acknowledgement or to make the certificate relative to it, because the married woman was not *before* the officer when the acknowledgement was taken, may be shown *aliunde;* and when it is duly and clearly made to appear that the married woman was not in fact *before* the officer when the acknowledgement of the execution was made, the officer's certificate as to the acknowledgement is of no validity or effect to show that the deed or mortgage of homestead real estate was "duly executed" as is mandatorily required by the constitution.

Unless the married woman, who makes an acknowledgement that she executes a deed or mortgage, appears in person *before* the officer, he has no authority under

the statute to take her acknowledgment. An acknowledgment made to the officer over a telephone wire by the married woman who is not present with the officer, is not an acknowledgment "before" the officer as is expressly required by the statute. The nature of the acknowledgment required by the statute to be made by the married woman to the officer, renders it essential that she in fact be "before," that is, in the personal presence of the officer, when the acknowledgment is made to him by her. Roach v. Francisco, Trustee, 138 Tenn. 357, 197 S. W. Rep. 1099, 1 A. L. R. 1074; Wester v. Hurt, 123 Tenn. 509, 130 S. W. Rep. 842, 30 L. R. A. (N. S.) 358, Ann. Cas. 1912C 329; 1 C. J. 823. See also Sullivan v. First Nat. Bank of Flantonia, 37 Tex. Civ. App. 228, 83 S. W. Rep. 421; Fisher v. Meister, 24 Mich. 447. In Banning v. Banning, 80 Cal. 271, 22 Pac. Rep. 210, the decision was that no fraud was shown to impeach the officer's certificate, and the validity of an acknowledgment taken over a telephone was not expressly decided.

In McClure v. American Nat. Bank of Pensacola, 67 Fla. 32, 64 South. Rep. 427, the foreclosure was by an assignee in due course of the mortgagee; the property was that of the wife, not a homestead, and there was evidence of the excution and acknowledgment of the mortgage by the wife and of benefit to her property from the proceeds of the mortgage. See Section 2, Art. XI, Constitution of 1885. In the Jennings, Shear and Holland cases *supra* the married woman was *before* the officer.

The constitution provides that homestead real estate may be alienated only by deed or mortgage duly executed by husband and wife, when that relation exists, with the owner of a homestead, and such requirements

are exclusive and mandatory. A failure to comply with controlling organic provisions, is fatal to a deed or mortgage attempting to alienate homestead real estate. See 1 C. J. 763; Thomas v. Craft, 55 Fla. 842, 46 South. Rep. 594; Shad v. Smith, *supra;* 1 R. C. L. pp. 258, 259 *et seq.*

It appears without contradiction from the testimony of the married woman and of a lady notary public who was the officer, that the acknowledgment of the married woman in this case, if there was one, was taken over a telephone wire, and that the married woman was not "before" or in the presence of the officer who made the certificate as to taking acknowledgment; and that the married woman and the officer were not in the same building, but were in different parts of the City of Tampa when the purported acknowledgment was taken through a telephone.

As the married woman was not *before* the officer within the meaning and requirement of the statute, when her acknowledgment was taken by the officer, such officer, a lady, was not acting within her jurisdiction, authority or power, and her certificate is ineffectual to show that the mortgage was "duly executed" so as to make it a valid alienation of the homestead real estate.

The mortgage was not "duly executed" within the mandatory requirements of the constitution. If the complainant has any rights under the law of subrogation, as claimed in argument, but not set up in the pleadings, such rights may be asserted in due course.

Decree reversed.

BROWNE, C. J. AND TAYLOR, ELLIS AND WEST, J. J. concur.