E. L. RICE, *Appellant,* v. MAY D. JESSUP, AS ADMINISTRATRIX OF THE ESTATE OF W. H. DeLACY, DECEASED, W. J. RICE, R. B. RUCKER, J. D. PITTS, M. E. POSEY, J. D. BASS, C. C. YOW, J. B. MELVIN, B. C. WARD, T. J. NICHOLS, SHERMAN NICHOLS, M T. WILLIAMS, W. C. BROOKS, J. A. McVICKER, MALICHI GARRETT, AMOS GARRETT, W .S. HENDERSON, AND E A. MOONEY, *Appellees.*

En Banc.

Opinion Filed October 16, 1926.

1. Where evidence is improperly admitted by the chancellor and considered in arriving at a decision, but it appears from

a consideration of the entire evidence in the cause that even eliminating the evidence objected to and improperly admitted, the court could not arrive at a different conclusion, the evidence improperly admitted not thereby changing the result, it will be taken as harmless error.

2. Evidence examined and found to support the conclusions of the chancellor.

An Appeal from the Circuit Court for Okaloosa County; A. G. Campbell, Judge.

Affirmed.

*Watson & Pasco,* for Appellant.

*William Fisher,* for Appellee.

KOONCE, Circuit Judge.—The appellant filed her amended bill of Complaint in the Circuit Court of Okaloosa County, seeking to charge appellee's decedent on an alleged partnership obligation for certain claims against West Florida Mercantile Corporation of which pretended corporation the decedent was an alleged stockholder.

It is claimed that by reason of the failure of the treasurer of the corporation to file the affidavit required, that ten per cent of the capital had been paid in, the stockholders of such corporation became partners, and that the decedent DeLacy was a partner in the business by reason of being a stockholder. The appellant claimed that she was the assignee of several obligations of the corporation or partnership.

There was an answer denying that the decedent was a stockholder in such corporation and denying that he was a member of any partnership doing business under the name and style of West Florida Mercantile Corporation. Much

testimony or evidence was taken before a Special Master and reported to the court. Upon a final hearing the judge of the court found the equities to be with the respondent and dismissed the complainant's bill.

There are five assignments of error, as follows:

1. The court erred in permitting the defendant to introduce in evidence at the final hearing, and after the taking of testimony had been closed by the parties, and over the objection of the complainant, the written documentary evidence described as follows: (here followed description of the documents objected to).

2. The court erred in considering such written documentary evidence offered by the defendant, on final hearing, over the complainant's objection, in arriving at its decision and final decree.

3. The court erred in refusing to render a decree in favor of the complainant as prayed for in the original and amended bill of complaint.

4. The court erred in refusing to render a decree in favor of the complainant at least to the amount of the claims purchased by the complainant and described in paragraph 7 of the original bill of complaint under subdivision (B).

5. The court erred in making the final decree of August 16th, 1924.

The first and second assignments may be considered together. Where evidence is improperly admitted and considered by the court in arriving at a decision and final decree but it shall appear from a consideration of the entire evidence that even without such objected evidence the court could have arrived at no different conclusion and that therefore the reception of such evidence did not change the result, it would be harmless error without holding the evi-

dence to have been improperly admitted, it may be said: Entirely eliminating the evidence objected to as set out in the first asignment the chancellor would still have been justified in rendering the decree which was rendered.

The remaining assignments may all be considered together. They are disposed of by a repetition of the rule as heretofore announced by this court in the case of Shad v. Smith, 74 Fla. 324, 76 South. Rep 897, where it is said: "While the findings and conclusions of a chancellor, where the evidence is not taken before him but before a master or examiner, by reason whereof he is not afforded an opportunity of seeing and hearing the witnesses, are not entitled to the same weight as a verdict of a jury, yet even in that case they should not be disturbed by an appellate court, unless they are clearly shown to be erroneous." Even eliminating that portion of the evidence objected to at the final hearing, a careful reading and consideration of the entire remaining evidence is clearly convincing of the correctness of the conclusions reached by the chancellor. It would serve no useful purpose to here review and discuss that evidence. All parties were ably represented by skilled attorneys and no doubt everything in the evidence was plainly pointed out to the chancellor. Remembering that the burden of proof was upon the appellant, it not only does not clearly appear that the chancellor was in error, but it does appear that he was entirely justified in his conclusions by the evidence.

The judgment of the Circuit Court is affirmed.

PER CURIAM.—The record in this cause having been considered by this Court, and the foregoing opinion prepared under Chapter 7838, Acts of 1919, adopted by the Court as its opinion, it is considered, ordered and adjudged by the

Court that the decree of the court below should be, and the same is hereby, affirmed.

BROWN, C. J., AND WHITFIELD, ELLIS, TERRELL, STRUM, AND BUFORD, J. J., concur.