JOHN C. McEWEN and Virginia McEwen, *Appellants,* v. ARTHUR C. SCHENCK, Receiver of the Bank of Wauchula, *Appellee.*

146 So. 839.

En Banc.

Opinion filed January 18, 1933.

120

*W. W. Whitehurst,* for Appellants;

*S. D. Williams,* for Appellee.

WHITFIELD, J.—In a suit against husband and wife to foreclose a mortgage upon the husband's homestead real estate, the defendants by plea "aver that the Defendant, Virginia McEwen, did not acknowledge before any officer authorized to administer oaths and take acknowledgments that she executed the said mortgage; and they aver that the Defendant, Virginia McEwen, did not appear before any officer so authorized to administer oaths and take acknowledgments for the purpose of acknowledging the execution

thereof; and these Defendants say that the certificate of acknowledgment appearing upon the said mortgage is wholly false, fraudulent and untrue and that the Defendant, Virginia McEwen, did not acknowledge the execution of said mortgage before the said officer purporting to take the said acknowledgment, not did the Defendant, Virginia McEwen, ever appear in the presence of the said officer who pretended and purported to take the said acknowledgment for the purpose of acknowledging the execution thereof."

The Court decreed for the mortgagee complainant and defendants appealed.

Article X of the Constitution provides that the homestead "real estate shall not be alienable without the joint consent of husband and wife, when that relation exists." Section 1. "Nothing in this Article shall be construed to prevent the holder of a homestead from alienating his or her homestead so exempted by deed or mortgage duly executed by himself or herself, and by husband and wife, if such relation exists." Section 4.

A mortgage upon homestead real estate is "duly executed" by husband and wife when it is in writing, signed, sealed, and delivered in the presence of a least two subscribing witnesses, and when the wife acknowledges before some officer authorized to take such acknowledgment, "separately and apart from her husband, that she executed the same freely and voluntarily and without compulsion, constraint, apprehension or fear of or from her husband, and the officer's certificate shall set forth all the foregoing requirements." Section 5676 (3803) Compiled General Laws; Hutchinson v. Stone, 79 Fla. 157, 84 So. 151.

In order to entitle a mortgage of real estate to be recorded so as to "be good and effectual in law or equity against

creditors or subsequent purchasers for a valuable consideration and without notice," the execution thereof must be duly acknowledged or proved for record and the instrument must be duly filed for record. See Section 5699 (3823) Compiled General Laws.

The mortgage in this case appears to have been executed and acknowledged as follows:

"IN WITNESS WHEREOF, The said Mortgagors have hereunto set their hands and seals the day and year first above written.

JOHN C. MCEWEN (L. S.)

"VIRGINIA MCEWEN (L. S.)

"Signed, Sealed and Delivered in the presence of:"

E. F. McILWAIN
W. W. GILLETT

STATE OF FLORIDA
COUNTY OF HARDEE

"I, an officer authorized to take acknowledgments of deeds according to the laws of the State of Florida, duly qualified and acting, HEREBY CERTIFY that John C. McEwen and Virginia McEwen to me personally known, this day personally appeared and acknowledged before me that they executed the foregoing mortgage, and I FURTHER CERTIFY that I know the said person making said acknowledgment to be the individual described in and who executed the said mortgage.

"AND I FURTHER CERTIFY that said Virginia McEwen is known to me to be the wife of said John C. McEwen and that she this day personally appeared and acknowledged before me, separately and apart from her husband, that she executed the said mortgage freely and voluntarily and with-

out compulsion, constraint, apprehension or fear of or from her husband, for the purpose of relinquishing and conveying all her right, title and interest in the property therein described, whether of dower or separate estate.

"IN WITNESS WHEREOF, I hereunto set my hand and official seal at Wauchula, said County and State, this 25th day of September, A. D. 1928.

EDITH WILSON,
"Notary Public."

"Notary Public, State of Florida at Large.
"My Commission Expires July 12, 1931.

"Filed for record on the 18th day of October, 1928, and recorded in Mortgage Book 7, page 531 public records of ——————————— County, Florida.

"S. W. CONROY,
"Clerk Circuit Court.

"By RUTH HARLAN,
"Deputy Clerk,
"Hardee County, Fla."

"While the certificate of an officer who is authorized to take acknowledgment of deeds and mortgages, stating in effect that a named married woman duly acknowledged before him the execution of a deed or mortgage alienating homestead real estate, is a *quasi* judicial act, and where the married woman who made the acknowledgment and the executed instrument are in fact *before* the officer, and he undertakes to act officially, the certificate of the official as to the acknowledgment, when duly made, is, in the absence of fraud or duress, conclusive of the facts stated in the official certificate, yet if the married woman who made the acknowledgment was not in fact *before* the officer when the acknowledgment was made, the officer is without jurisdic-

tion, authority or power to take the acknowledgment of the married woman, or to make the statutory certificate with reference thereto. 1 C. J. 775. The absence of such jurisdiction, authority or power to take the acknowledgment or to make the certificate relative to it, because the married woman was not *before* the officer when the acknowledgment. was taken, may be shown *aliunde;* and when it is duly and clearly made to appear that the married woman was not in fact *before* the officer when the acknowledgment of the execution was made, the officer's certificate as to the acknowledgment is of no validity or effect to show that the deed or mortgage of homestead real estate was 'duly executed' as is mandatorily required by the constitution."

Hutchinson v. Stone, 79 Fla. 157, text 169, 84 So. 151.

In Morris v. Shepard, 104 Fla. 121, 139 So. 189, it was held that the evidence was not sufficient to overcome the certificate of the notary public that the married woman personally appeared before the notary and made the requisite acknowledgment that she executed the mortgage. The certificate of acknowledgment was sustained. See Bank of Jennings v. Jennings, 71 Fla. 145, 71 So. 31.

In Hutchinson v. Stone, 79 Fla. 157, 84 So. 151, the married woman and the notary both testified that the, acknowledgment was taken over a telephone wire, and that the married woman was not "before" or in the presence of the notary who certified to the acknowledgment of the married woman. The certificate of the notary was held to be invalid.

In this case the married woman and her husband testified that the mortgage was not executed in the presence of the notary, and the married woman testified that she did not appear before or acknowledge to the notary the execution of the mortgage, while the notary testified that the married

woman appeared before the notary and acknowledged the execution of the mortgage separate from her husband.

The Chancellor states in the final decree that "substantial evidence has been introduced to show that the wife did not appear before or in the presence of the Notary Public who took the acknowledgment, but the Court is of the opinion that in the absence of an allegation of fraud or duress sustained by sufficient proof in the record the Court cannot consider such testimony, since it appears that the acknowledgment upon the mortgage is in substantial compliance with the requirement of law. This view has been reached from the Court's interpretation of the decision in the case of Herald, et al, v. Hardin, 116 So. 863, announcing the rule that the certificate of acknowledgment of a married woman to a deed or mortgage is conclusive against her in the absence of fraud or duress. The Court finds, therefore, that it is concluded by this rule from a consideration of the weight or sufficiency of the evidence introduced to impeach the acknowledgment."

In Herald v. Hardin, 95 Fla. 889, 116 So. 863, the married woman appeared before the notary.

As the Chancellor did not determine "the weight or sufficiency of the evidence" adduced under the averments of the plea that the married woman did not appear in the presence of the notary who certified to the acknowledgment as having been made by the married woman "before" the notary, the decree is reversed and the cause is remanded for appropriate proceedings.

Reversed.

Davis, C. J., and Terrell and Brown, J. J., concur.

Buford, J., dissents.

BUFORD, J., (dissenting).—I do not think the testimony of the interested husband and wife sufficient to overcome the certificate of acknowledgment supported by the sworn testimony of the officer making same.

DAVIS, C. J., (concurring).—As was said by this Court in Herald v. Hardin, 95 Fla. 889, 116 So. Rep. 863, the certificate of acknowledgment of a married woman is conclusive against her in the absence of *fraud* or duress, and the testimony of the parties alone is not sufficient to overcome it, nor can the testimony of the officer taking the certificate be admitted to contradict his official certificate.

But as Mr. Justice WHITFIELD points out in his opinion, in which I concur, this case deals with an allegation *in the pleadings* to the effect that the officer's certificate of acknowledgment is false and was made without any jurisdiction whatsoever to make it, in that the wife who is referred to therein was *never before the attesting officer at all,* therefore cannot be bound by what the officer has falsely certified to (assuming that the allegation made is established as true). Such allegations, according to my view, amount *per se* to an allegation that *fraud* was committed by the notary public in the particulars complained of, thereby bringing the case within the rule laid down in Herald v. Hardin, *supra.*

Since the answer alleged *fraud in law* the Chancellor should have considered and passed on the evidence to the extent of determining therefrom that the officer who made the certificate of acknowledgment had acquired jurisdiction to act by having had the parties appear before him.

I agree with the idea expressed by Mr. Justice BUFORD to the effect that the testimony of an interested husband and wife to the effect that they never appeared before the notary should not ordinarily be regarded as

sufficient to overcome the *prima facie* valid act of a sworn officer, in the absence of corroborating evidence, or proof of circumstances clearly and convincingly tending to sustain their objection, but that is not the question we are called on to decide, because the Chancellor has never ruled on the sufficiency of the evidence in the light of applicable rules of law.