A. Y. OATES, *et ux.,* v. NEW YORK LIFE INSURANCE CO.

152 So. 671.
(See 113 Fla. 678.)
Opinion on Rehearing Filed February 7, 1934.

*Ira C. Hopper,* for Appellants;

*Bradford G. Williams, Richard M. Naylor, Raymond D. Knight, John M. McNatt* and *Knight, Adair, Cooper & Osborne,* for Appellee.

BUFORD, J.—Motion for rehearing has been filed in this case in which it is contended that because the appellee was a *bona fide* purchaser for value and before maturity and without notice, the rules enunciated in the opinion cited in which original opinion was filed January 4, 1933, are not applicable.

The property embraced in the mortgage is shown to have been a homestead and, therefore, for the mortgage to be valid, it must have been executed in compliance with Section 4, Article X, of the Constitution, which provides as follows:

"A homestead to the extent of one hundred and sixty acres of land, or the half of one acre within the limits of any incorporated city or town, owned by the head of a family residing in this State, together with one thousand dollars' worth of personal property, and the improvements on the real estate, shall be exempt from forced sale under the process of any court, and the real estate shall not be alienable without the joint consent of husband and wife, when that relation exists." Sec. 1, Article X. "Nothing in this article shall be construed to prevent the holder of a homestead from alienating his or her homestead so ex-

empted by deed or mortgage duly executed by himself or herself, and by husband and wife, if such relation exists." Sec. 4, Article X, Constitution.

The words, "by deed or mortgage duly executed * * * by husband and wife, if such relation exists," means by deed or mortgage executed as the statutes require deeds and mortgages executed by husband and wife to be executed, viz.: "by deed in writing, signed, sealed and delivered in the presence of at least two subscribing witnesses." Sec. 5660 (3787) C. G. L. See form of warranty deed, and effect when signed by a married woman. Secs. 5661, 5662, 5663, C. G. L. As to proof of execution for recording purposes see Sections 5698-5700, C. G. L.

"Any married woman owning real property may sell, convey or mortgage it as she might do if she were not married, provided her husband join in such sale, conveyance or mortgage." Sec. 5674 (3801) C. G. L.

"To render such sale, conveyance, mortgage or relinquishment, whether of separate estate or of dower, effectual to pass a married woman's estate or right, she must acknowledge, before some officer authorized to take acknowledgment of deeds, separately and apart from her husband, that she executed the same freely and voluntarily and without compulsion, constraint, apprehension or fear of or from her husband, and the officer's certificate shall set forth all the foregoing requirements." Sec. 5676 (3803) C. G. L.

There may be a homestead in which husband and wife have an estate by the entireties. Menendez v. Rodriguez, 106 Fla. 214, 143 So. 223. A mortgage upon such a homestead must be "duly executed" by husband and wife, viz.: "by deed in writing signed, sealed and delivered in the presence of at least two subscribing witnesses" and the wife "must acknowledge, before some officer authorized to

take acknowledgment of deed, separately and apart from her husband, that she executed the same freely and voluntarily and without compulsion, constraint, apprehension or fear of or from her husband, and the officer's certificate shall set forth all the foregoing requirements." See McEwen v. Schenck, 108 Fla. 119, 146 So. 839.

"The statute authorizing the private examination of the wife to bar dower is a substitute for the proceeding at common law to bar dower by fine and recovery. As against a mortgage of the fee of the husband, which mortgage was accompanied by a relinquishment of the dower of the wife, an acknowledgment thus made cannot be impeached by her testimony alone. Such an acknowledgment may be impeached for fraud, but the proof to sustain such charge must be of the clearest, strongest and most convincing character." Hart v. Sanderson's Administrators, 18 Fla. 103 H. N. 4.

"When a married woman has appeared before a magistrate having signed a deed and acknowledged it, and he certifies a full compliance with the statute, his certificate, except fraud be shown, must be held conclusive of the facts it asserts."' Shear v. Robinson, 18 Fla. 379, H. N. 1.

Where a married woman actually appears before an officer authorized to take acknowledgments, and she purports to make an acknowledgment of the execution of a mortgage or conveyance of land, and the certificate of the officer complies with the law, such certificate cannot be impeached except for fraud or duress clearly established. Forssell v. Carter, 65 Fla. 512, 62 So. 926; Bank of Jennings v. Jennings, 71 Fla. 145, 71 So. 31; Shad v. Smith, 74 Fla. 324, 76 So. 897; Herald v. Hardin, 95 Fla. 889, 116 So. 863.

But, if a married woman does not in fact appear before an officer authorized to take acknowledgments, there is no jurisdiction or authority to take such acknowledgment, and

a certificate by an officer that an acknowledgment was made before him is a nullity.

Statements contained in McClure v. Am. Nat. Bank of Pensacola, 67 Fla. 32, 64 So. 427, have been qualified by the principles stated in Hutchinson v. Hutchinson, 79 Fla. 157, 84 So. 151, and other subsequent cases. Flowers v. Schenck, 110 Fla. 244, 148 So. 581.

In McEwen v. Schenck, 108 Fla. 119, 146 So. 839, the decree was reversed because the Chancellor did not determine the probative force of the testimony as to the due acknowledgment of the execution of the instrument by a married woman.

In this case the Chancellor struck evidence as to the due acknowledgment by a married woman of her execution of a mortgage on homestead real estate and the Chancellor also denied a rehearing to consider supporting testimony as to such due acknowledgment. This was error.

When the due execution and acknowledgment of a deed or mortgage by a married woman is an essential element in determining a cause, appropriate testimony on the subject within the issues should be adduced and considered that justice may be done and litigation terminated.

The petition for reahearing, is, therefore, denied.

WHITFIELD and TERRELL, J. J., concur.

DAVIS, C. J., concurs specially.

DAVIS, C. J. (concurring).—I concur with this observation: where a certificate of acknowledgment recites affirmatively that the parties *did* appear before the officer, jurisdiction is presumed, and such certificate of acknowledgment is to be taken as a quasi-judicial record which cannot be overthrown, except upon clear and convincing affirmative evidence to the effect that the officer's certificate is in effect a pure fabrication. In other words, the falsification or

fabrication of a certificate of acknowledgment is a fraud for which a remedy exists. But every presumption of law and of fact is in favor of the verity of the recited facts specified in an acknowledgment, and a certificate of acknowledgment in proper form should be sustained by and through its own force and effect as evidence, unless clearly and affirmatively impeached.